WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
ALEXANDRA LAKS (CA SBN 291861)
ALaks@mofo.com
CLAIRE BONELLI (CA SBN 317735)
CBonelli@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
METAGENICS, INC.

*[Additional Counsel Listed on Next Page]*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM L. GRIVAS, Sr., On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> METAGENICS, INC., <br><br> Defendant. | Case No. SACV15-1838 CJC (DFMx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br> Judge: Hon. Cormac J. Carney <br> Ctrm: 9B <br><br> Action Filed: November 9, 2015 <br> Trial Date: June 25, 2019 |

HULETT HARPER STEWART LLP
KIRK B. HULETT (CA SBN 110726)
550 West C Street, Suite 1500
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139
Email: kbh@hulettharper.com

NICHOLAS & TOMASEVIC, LLP
CRAIG NICHOLAS (CA SBN 178444)
ALEX TOMASEVIC (CA SBN 245598)
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: atomasevic@nicholaslaw.org

McCOLLOCH LAW FIRM
MICHAEL T. McCOLLOCH (CA SBN 66766)
545 2nd Street, Suite 3
Encinitas, CA 92024
Telephone: (760) 632-1100
Facsimile: (760) 650-0016
Email: mike@moonlightlaw.com

Attorneys for Plaintiff
WILLIAM L. GRIVAS, Sr.

Plaintiff William L. Grivas, Sr. ("Plaintiff") and Metagenics, Inc. ("Metagenics" or "Defendant") (collectively, "the parties"), by and through their respective counsel of record, stipulate and jointly move the Court to issue the following protective order ("Protective Order") to govern the disclosure of documents, things, and information produced in the above-captioned action (the "Action").

## I.    STATEMENT OF GOOD CAUSE

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such confidential and proprietary information consists of, but is not limited to, confidential business or financial information, information regarding business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

II.    **DEFINITIONS**

2.1    Action:  The above-captioned action.

2.2    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3    Confidential Information:  Information (regardless of how it is generated, stored, or maintained) or documents that qualify for protection under Federal Rule of Civil Procedure 26(c), and any information or documents which, in good faith, a Party deems confidential, including, without limitation, any documents or information:

(a)    Referring or related to confidential and proprietary human resources, business or pricing information and/or financial records and information of Defendant;

(b)    Referring or related to any current, former or prospective business partner or third-party vendor of Defendant;

(c)    Referring or related to any other confidential or trade secret information of Defendant; and

(d)    Any portions of depositions (including audio or video) where Confidential Information is disclosed or used as exhibits.

2.4    Highly Confidential Information:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and contain highly sensitive nonpublic information, including, but not limited to documents and information revealing intimate or personal information regarding and individual, and documents or information which, in good faith could place a Designating Party at a competitive disadvantage if disclosed to anyone other than the receiving Party's counsel of record in this litigation because such documents or information contain commercially sensitive information, proprietary information, or trade secrets, the

disclosure of which is likely to cause irreparable harm or significant injury to the competitive position of the Designating Party.

2.5     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel:  Attorneys who are employees of a Party.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.11     Outside Counsel of Record:  Attorneys who are not employees of a Party, but are retained to represent or advise a Party and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12     Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**III.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and bankruptcy proceedings arising from the claims asserted in this action.

## V.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Criteria for Designation</u>.  A Designating Party may designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with Sections 2.3 and 2.4 above if the party reasonably believes that the material contains trade secret, proprietary, commercially or personally sensitive, or confidential information, as evaluated by the standards developed under Rule 26(c) of the Federal Rules of Civil Procedure. The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" Material shall be made in good faith, and no Designating Party shall designate material as Protected Material without a reasonable and good faith belief that such designation is appropriate.

5.2   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to

impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIALITY Legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material.

(b) for testimony given in depositions, that the Designating Party designate within forty-five (45) days of receiving the final deposition transcript the page and line number those portions of the testimony that are to be treated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In the interim period, the deposition testimony and transcripts and video recordings of the depositions must be treated as CONFIDENTIAL INFORMATION.  If any part of the deposition recorded by videographic means is designed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the recording storage medium and its container shall bear the "CONFIDENTIALITY Legend."

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4      <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision

must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of Confidential Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party, including the named Plaintiffs, to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or ordered by the Court;

(j) outside photocopying, data processing, e-discovery or graphic production vendors employed by any Party or its counsel to assist in the Action; and

(k) any person to whom the Designating Party agrees to disclosure in writing in advance of the disclosure.

7.3 <u>Disclosure of Highly Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to each category of persons identified in Paragraph 7.2(a)

and (c)-(k), as long as those persons have a direct need to know such information for purposes of this Action. If any Party believes a person falling within the category of persons identified in Paragraph 7.2(b) and (e)-(h) has a direct need to know Highly Confidential Information for purposes of this Action, the Party shall meet and confer with the Designating Party before disclosing such information to that person, and will not disclose the information absent the Designating Party's consent. If the parties are unable to reach an agreement, either Party may seek assistance from the Court.

7.4     Disclosure of Confidential Information to persons identified in Paragraphs 7.2(c), (f), (h)-(i), and (k) and disclosure of Highly Confidential Information to persons identified in Paragraph 7.2(c), and (i)-(k) shall be made only after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A.** Counsel for the Party obtaining any signed declaration shall retain that declaration and need not disclose it to counsel for all other Parties unless requested by another Party or ordered to do so by the Court.

7.5     Persons receiving Confidential Information or Highly Confidential Information under this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any Confidential Information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information. The recipient of any Highly Confidential Information shall maintain such information in a separate locked file under the direct supervision of an attorney involved in this Action and shall exercise the same standard of due and proper care with respect to the storage, custody, use or dissemination of such information as is exercised by the recipient with respect to its own highly proprietary and confidential information.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and all pertinent facts related to the disclosures, including steps taken to prevent any use or further dissemination of the Confidential Information or Highly Confidential Information, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (e.g., work product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

11.2    Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall provide written notice to the parties who have received such information.  Within fourteen (14) days of the date of that written notice, the documents or materials described in that notice shall be returned to counsel for the Producing Party, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the documents or materials shall be destroyed.  No use shall be made of such documents or materials from such inadvertent production during deposition or at

trial, nor shall such documents or materials be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned.

11.3 If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within this fourteen-day period, explaining the grounds for its challenge. The Receiving Party shall initiate the dispute resolution process under Local Rule 37-1 within fourteen (14) days of date of service of the Receiving Party's notice disputing a claim of inadvertent production.

11.4 If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material in compliance with Local Rule 37, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure. Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials and shall not make any use of such information.

11.5 Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, immunity from production, or proprietary interest with respect to any document or information.

**XII. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIII.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) certifies that all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, through Counsel of Record.

Dated: June 27, 2018

WILLIAM L. STERN
ALEXANDRA LAKS
CLAIRE BONELLI
MORRISON & FOERSTER LLP


By: /s/ *William L. Stern*
    WILLIAM L. STERN

Attorneys For Defendant
METAGENICS, INC.

Dated: June 27, 2018

KIRK B. HULETT
CRAIG NICHOLAS
ALEX TOMASEVIC
MICHAEL T. McCOLLOCH


By: /s/ *Craig Nicholas*
    CRAIG NICHOLAS

Attorneys For Plaintiff
WILLIAM L. GRIVAS, Sr.

**IT IS SO ORDERED.**


Dated: _____July 9____, 2018

HONORABLE DOUGLAS F. McCORMICK
United States Magistrate Court Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California in the case of *Grivas. v. Metagenics, Inc.*, Case

No. SACV15-1838 CJC (DFMx). I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order. I further

agree to submit to the jurisdiction of the United States District Court for the Central

District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Executed this ____ day of _____ in _____, _____
                 [month]     [year]              [city]   [state]

Printed name: _____

Signature: _____

I, William L. Stern, am the ECF User whose ID and password are being used to file this STIPULATED [PROPOSED] PROTECTIVE ORDER.  In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Craig Nicholas has concurred in this filing.


Dated: June 27, 2018                              By:   */s/ William L. Stern*
                                                           WILLIAM L. STERN

                                                  Attorneys For Defendant
                                                  METAGENICS, INC.