JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM GRIVAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METAGENICS, INC.,<br><br>Defendant. | Case No.: SACV 15-01838-CJC-DFM<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

//

On May 6, 2019, the unopposed motion brought by Plaintiff William Grivas for Final Approval of Class Action Settlement came on for hearing. After considering the papers and the arguments of counsel, including the Class Action Settlement Agreement and Release ("Settlement Agreement"), and good cause appearing, **IT IS HEREBY ORDERED**:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement unless a different definition is set forth in this Order.

2. The Court has reviewed the Declaration of Stephanie Molina in support of Plaintiff's Motion for Final Approval of Class Settlement, and finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and that the Notice Program provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

3. The Court has not received any objections to the Settlement. The absence of any objections bars any appeal. *See* Newberg on Class Actions § 14:13 (5th ed.) ("[I]t is equally clear that a class member who did not object in the district court cannot pursue an appeal. Indeed, she has nothing to appeal because she waived her rights by not objecting below."); *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011) (class member must file a timely and proper objection with the district court before appealing a settlement agreement); *Aichele v. City of L.A.*, 2015 WL 12732003, at *6 (C.D. Cal. Sept. 9, 2015) ("Since there have been no objections to the Settlement, there can be no appeals taken.").

4. No Class member has requested to speak at the Final Fairness Hearing.

5. The Court finds that the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by reference, as being fair, just, reasonable, adequate, in the best interests of the Class and its members, and the full and final resolution of the Class's claims.

6. The release set forth in the Settlement will become binding and effective on all Class members upon the Effective Date, which under Section II.D will be the date of entry of the Final Approval Order and Judgment of the Final Approval Order. To avoid ambiguity, these releases read as follows:

> Section V.B. **Claims Members' Release.** Upon entry of the Final Order and Judgment following the Fairness Hearing, all Class Members who have not timely requested exclusion pursuant to Section IV.G., and each of their successors, assigns, heirs, and personal representatives, release and forever discharge the Released Persons from all manner of claims, including all actions, causes of action, claims, demands, rights, suits, as well as remedies, including obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, (a) as they were alleged in the complaints, including those based on alleged violations of the Unfair Competition Law, or (b) that arise or could have arisen from the factual allegations in Plaintiff's First Amended Complaint.

This Settlement Agreement is made and given subject to a waiver of the provisions of California Civil Code Section 1542 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Although the releases granted under this Settlement Agreement are not general releases, Plaintiff, on behalf of himself and of all Class Members, nonetheless expressly acknowledge that Plaintiff and the Class Members are waiving the protections of section 1542 as to the Class Members' Release only.

7. The Plan Administrator is hereby directed to implement and carry out the Settlement Agreement in accordance with the terms and provisions thereof, including the settlement and distribution plan, as described in Section III and elsewhere in the Settlement Agreement.

8. Class Counsel and the Class Representative fairly and adequately represented the interests of the Class members. The Court finds that Class Counsel's request for $325,000 in attorneys' fees and litigation costs, which represents 25% of the total recovery, is fair and reasonable, given the high level of risk involved, the result achieved, the high quality of the legal representation, the duration of this case, the novelty of their claim, and the complexity of the issues in this Court and the Court of Appeals. In addition, this Court has cross-checked the fee award against Class Counsel's combined lodestar and finds that the fee award represents a fee reduction in their lodestar,

or a negative multiplier, further speaking to the reasonableness of the request. Accordingly, Class Counsel is hereby awarded $325,000 for fees and costs.

9. Defendant shall make the payments specified in Section III, paragraphs B through H, of the Settlement Agreement, within the deadlines specified therein (*i.e.*, 15 days after the Effective Date of the Settlement Agreement).

10. Payment for the award of attorneys' fees and costs in all or any part of the amount to be received by the attorneys may be deferred (such as in the case of an annuity, a structured settlement, or periodic payments). Any such agreement as to the time and manner of paying the attorneys' fees shall be irrevocable.

11. The fees and expenses shall initially be paid to Nicholas & Tomasevic, LLP and distributed or allocated among Class Counsel by Class Counsel Craig Nicholas in a manner consistent with counsel's prior agreements regarding the same, and that in a good-faith judgment, reflects each firm's contribution to the institution, prosecution, and resolution of the litigation.

12. The Court further finds the requested service award is fair and reasonable, given the time and effort expended by the Class Representative on behalf of the Class, and the risk they incurred in pursuing relief on behalf of the Class. The Court awards a $5,000 service award to Plaintiff William Grivas. This award shall be distributed by Defendant at the same time as the attorneys' fees and costs.

13. The Court further finds that the requested payment to settlement administrator ILYM Group, Inc. and its stated expenses, (*see* Molina Decl. ¶ 12), are reasonable and shall be paid consistent with the Settlement Agreement.

14. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a Final Judgment.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and administration of the Settlement Agreement; and (b) the Parties and the Class members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

DATED: May 6, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE